UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6173-CR-ZLOCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CARLOS GIRALDO HURTADO

    Defendant.

_____ /

## DEFENDANT'S REQUEST FOR ROLE ADJUSTMENT

Defendant, Carlos Hurtado, through counsel, respectfully moves for a downward adjustment for role in the offense, and in support:

### I. ROLE IN THE OFFENSE.

As reflected in the PSI, Carlos Hurtado was arrested at the Ft. Lauderdale airport on June 15, 2000, with approximately one kilogram of heroin concealed on his body. The cocaine had been given to him by a Colombian male named "Tokayo," at the direction of a man in Colombia named "Caliche." Tokayo had smuggled the heroin internally from Colombia. Tokayo gave the heroin to Mr. Hurtado, who then packaged it and was supposed to transport the heroin from South Florida to New York. (PSI at 4). Upon arriving in New York, Mr. Hurtado was supposed to be met by another Colombian male who would pay him a $15,000 partial payment. He was to receive another $50,000 eight days later. Mr. Hurtado was supposed to wire all but his $5,000 courier fee to Colombia via Western Union. (PSI at 4). When he was arrested, Mr. Hurtado confessed his involvement and

32

agreed to attempt a controlled delivery. After arriving in New York, however, he declined to go though with the delivery out of fear of retaliation. (PSI at 4-5).

Defendant respectfully suggests that these facts support a reduction of four, three or two levels for role in the offense. § 3B1.2 of the Sentencing Guidelines reads, in pertinent part, as follows:

> (a) If the defendant was a minimal participant in any criminal activity, decrease by 4 levels.
>
> (b) If the defendant was a minor participant in any criminal activity, decrease by 2 levels.
>
> In cases falling between (a) and (b), decrease by 3 levels.

U.S.S.G. § 3B1.2.

Mr. Hurtado played a minimal role in this offense. At most, he was a mule or courier used by others to assist in the domestic transportation of one kilogram of heroin. See U.S.S.G. § 3B1.2 application note 2. Although not an excuse for his conduct, this does provide a basis for this Court to designate Mr. Hurtado as a "minimal participant" and reduce his offense level accordingly.

The commentary to U.S.S.G. § 3B1.2, explains that the "minimal participant" provision "is intended to cover defendants who are plainly among the least culpable of those in the conduct of a group. . ... It would be appropriate, for example, . . . in a case where an individual was recruited as a courier for a single smuggling transaction involving a small amount of drugs." U.S.S.G. § 3B1.2, comment. (n.1 & 2). While courier status alone does not compel a finding that the defendant was a minor or minimal participant, United States v. Veloza, 83 F.3d 380, 382 (11th Cir. 1996), such a finding is certainly permissible. "[T]he fact that a courier plays an essential role in an importation scheme does not alone necessarily preclude her from receiving a reduction for a minor role . . ... Indeed, the guidelines provide as much." Id.

The fundamental holding of Veloza was reiterated in United States v. De Varon, (175 F.3d 930 (11th Cir. 1999) (*en banc*). "Simply put," the Court explained, "the drug courier may or may not qualify for a minor role reduction." Id. at 942. The decision rests with the discretion of the sentencing court, and appellate courts will accord "deference to the district court's discretion in this uniquely fact-intensive inquiry." Id. at 940. Accordingly, a sentencing court's determination will be disturbed on appeal only where there is clear error. Id. at 938.

De Varon directs a sentencing court considering a mitigating role adjustment to look to two principles: "first, the defendant's role in the relevant conduct for which she has been held accountable at sentencing, and, second, her role as compared to that of other participants in her relevant conduct." Id. at 940.

The first principle simply requires the sentencing court "to measure the defendant's role against the relevant conduct for which she has been held accountable." Id. A mitigating role adjustment may not be determined with reference to some larger conspiracy, whether charged or not, but must be confined to the relevant conduct for which the defendant has been held responsible. Id. at 942. In this context, the amount of drugs involved in the relevant conduct "is a material consideration in assessing a defendant's role in her relevant conduct." Id.

The second guiding principle espoused in De Varon "is that the district court may also measure the defendant's culpability in comparison to that of other participants in the relevant conduct." Id. at 944. This, again, is a "fact-intensive inquiry," as the sentencing court must weigh the defendant's conduct against the conduct of other identifiable participants in the relevant conduct attributed to the defendant. Id. If the court determines that the defendant was less culpable than most other participants in the relevant conduct, a downward adjustment is warranted. Id.

In the context of a drug courier, as in this case, the Eleventh Circuit offers some guidance as

to what factual considerations are relevant. These factors include "amount of drugs, fair market value of drugs, amount of money to be paid to the courier, equity interest in the drugs, role in planning the criminal scheme, and role in the distribution." Id. at 945. This list is meant to be illustrative, not exhaustive. "In the final analysis, this decision falls within the sound discretion of the trial court." Id.

The factors identified in De Varon weigh in Mr. Hurtado's favor in this case. The relevant conduct in this case is 1.0715 kilograms of cocaine. While this is not a small amount, it is a fairly routine quantity for a body carry drug smuggler in this District. Mr. Hurtado's role with respect to that relevant conduct was minor compared to at least two other identifiable individuals. "Caliche" arranged for the importation using "Tokayo" as an internal courier, and was to receive $60,000 in Colombia. The recipient in New York, who has been identified to law enforcement authorities, would have been responsible for further distribution in New York. Mr. Hurtado was to play no further role in this smuggling venture other than wiring money to Colombia. Thus, on the whole, the known facts support a mitigating role adjustment for Mr. Hurtado with respect to the relevant conduct attributable to him.

Mitigating role adjustments have been awarded to a variety of individuals with significant, active participation in drug offenses. See, e.g., United States v. Vega-Encarnacion, 914 F.2d 20, 23, 25 (1st Cir. 1990), *cert. denied sub nom*, Cruz-Rosario v. United States, 499 U.S. 977 (1991) (defendant solicited drug buyer and threatened to kill an individual who appeared to be a police officer, but was still granted minor role); United States v. Hagan, 913 F.2d 1278, 1283 (7th Cir. 1990) (defendant lived on the farm where 60,000 marijuana plants were cultivated, weeded the plants, and had knowledge of the plants' nature still a minor participant); United States v. Garvey, 905 F.2d 1144, 1146 (8th Cir. 1990) (minor participant status for a defendant who sold 9.13

kilograms of hashish oil and had prior drug activity); United States v. Davis, 878 F.2d 1299, 1300 (11th Cir.), *cert. denied*, 493 U.S. 941 (1989) (defendant's full "understanding of the scope and nature of the enterprise" made her role minor rather than minimal in the possession of over 500 grams of cocaine);   United States v. Paulino, 873 F.2d 23 (2d Cir. 1989) (defendant found to be minimal participant where he admitted that he had served as a lookout for a cocaine distribution operation and pled guilty to possession with intent to distribute cocaine); United States v. Sailes, 872 F.2d 735 (6th Cir. 1989) (defendant who allowed her adult son to use her home as a base for his illegal cocaine dealing operation and assisted him in this business awarded a four-point reduction); United States v. Hallam, 723 F.Supp. 66 (N.D.Ind. 1989)(defendant who permitted a relative to store six kilograms of cocaine in his home and allowed similar storage at a neighbor's home received a four point reduction for minimal participation).

If not a minimal participant, Mr. Hurtado surely played no more than a minor role in this offense. The Sentencing Commission intended that the "minor participant" role apply to "any participant who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, comment. (n. 3). Mr. Hurtado was certainly less culpable than the other participants in this offense. He had no ownership interest. He had no role in distribution in New York. He had no role in planning. He had no significant knowledge and no decision making authority whatsoever. He was a mule.

For all the above reasons, Carlos Hurtado asks the Court to grant a four level downward adjustment of his offense level to reflect his minimal role in the offense. In the alternative, Defendant requests a three level adjustment to reflect a role that was in between minimal and minor.

As a third alternative, Defendant asks for a two level adjustment as a minor participant.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: _____

Patrick M. Hunt
Assistant Federal Public Defender
Florida Bar No. 571962
Attorney for Defendant
101 N.E. Third Avenue, Suite 202
Fort Lauderdale, Florida 33301
(305) 356-7436 / 356-7556 (Fax)

CERTIFICATE OF SERVICE

I certify that copy of the aforementioned motion was mailed on this 25th day of January, 2001, to Bertha Mitrani, Assistant United States Attorney, at 299 East Broward Boulevard, Fort Lauderdale, Florida 33301 and United States Probation Officer Francis Weisberg at 299 E. Broward Blvd. Ft. Lauderdale, FL 33301.

_____
Patrick M. Hunt